U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 9 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMBULATORY SERVICES OF PUERTO RICO, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:17-CV-230-A |
| SANKAR NEPHROLOGY GROUP, LLC, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Ambulatory Services of Puerto Rico, LLC, to stay arbitration. Defendant, Sankar Nephrology Group, LLC, responded and moved to compel arbitration. Having considered the motions, defendant's response, the record, and applicable legal authorities, the court concludes that plaintiff's motion to stay arbitration should be denied and defendant's motion to compel arbitration should be granted subject to resolution of the issue of arbitrability, that this action should be stayed until the issue of arbitrability has been resolved, and that if it is resolved in favor of arbitration of the disputes between plaintiff and defendant, this action should be dismissed without prejudice to the outcome of the arbitration.

I.

Background

Plaintiff and defendant formed SNG Naranjito, LLC ("Naranjito"), a Puerto Rico limited liability company, in 2014 for the purpose of operating a dialysis clinic in Puerto Rico. On August 1, 2014, the parties executed a Limited Liability Operating Agreement ("Operating Agreement") and a Membership Contribution Agreement ("MCA"), outlining the "terms and conditions governing the structure, operation and management of [Naranjito]," Doc.[1] 7 at 19, and providing for the contribution of assets to Naranjito, id. at 5. The Operating Agreement contains the following provision:

> Section 12.12 Dispute Resolution. Except for alleged breaches of Article X [Covenants and Representations] above, in the event that a dispute arises between two or more Members under this Agreement, the parties will first negotiate in good faith to try to resolve the dispute. The respective Members, or chief executive officers (or officers holding such authority) of such Members, shall meet in a timely manner and attempt in good faith to negotiate a settlement of such dispute during which time such persons shall disclose to the others all relevant information relating to such dispute. In the event that the parties are unable amicably to resolve the matter or matters in dispute, and except where the exigency of the matter reasonably requires injunctive relief to preserve the status quo, the Members shall submit all matters still in dispute to conclusive and binding arbitration in Fort Worth, Tarrant County, Texas, before a panel of three arbitrators in accordance with

---

[1] The "Doc. __" references are to the number of the item on the docket of this action.

the Commercial Arbitration Rules of The American Health Lawyers Association. Except as otherwise agreed by all parties to the arbitration, one arbitrator shall be chosen by the party demanding arbitration, one by the party responding to the demand for arbitration, and the third shall be chosen by the first two named arbitrators, all from a list of candidates provided by The American Health Lawyers Association. The arbitrators may award to the prevailing party in their opinion its attorneys' fees and costs incurred in connection therewith. Venue for any action in court regarding arbitration, including without limitation the enforcement of its decision, shall be in Fort Worth, Texas.

Id. at 58.

According to plaintiff, defendant, without plaintiff's knowledge, bought into Naranjito by negotiating a secured loan with Branch Banking & Trust Company ("BB&T"), in which defendant borrowed against the contributed assets under the MCA and arranged for Naranjito and plaintiff to become liable for the repayment of the loan. Doc. 1 at 5, ¶ 23-24. In 2016, plaintiff and defendant sold Naranjito's assets to Bio-Medical Applications of Puerto Rico, Inc. ("Bio-Medical") for $7,000,000.00 and executed an agreement that allocated the sale proceeds according to each member's ownership interest (the "Member Sale Agreement").[2]

After the Naranjito asset sale, defendant filed a Demand for Arbitration with the American Health Lawyers Association.

---

[2] The Member Sale Agreement is titled "Agreement to Sell Assets of SNG Naranjito, LLC to Fresenius Medical Care." Bio-Medical is a member of Fresenius Medical Care.

3

Defendant claimed that Carlos R. Rivera, the owner/president of plaintiff, breached his fiduciary duty to Naranjito by retaining Naranjito's income or gains for personal use in violation of the Operating Agreement. Additionally, defendant requested declaratory and injunctive relief to resolve issues surrounding Naranjito's asset sale and the distribution of the sale proceeds.

Plaintiff countered defendant's Demand for Arbitration by filing a complaint and motion to stay arbitration in the above-captioned action on March 16, 2016, asserting two claims for breach of contract and seeking declaratory relief. Plaintiff claimed that defendant "breached Section 2 of the MCA by encumbering the Contributed Assets with liabilities and obligations personal to [defendant] with no benefit to and to the detriment of [plaintiff]." Doc. 1 at 11, ¶ 50. Plaintiff also claimed that defendant breached the Member Sale Agreement by "(a) hindering and preventing the payment of [plaintiff's] share of the proceeds directly to it, (b) causing Bio-Medical, instead, to pay the proceeds to accounts at BB&T rendering the proceeds inaccessible to [plaintiff], and (c) failing to pay to [plaintiff] its 40% share of the $7 Million sale proceeds." Id. at 12, ¶ 58.

4

III.

Grounds of the Motions

Plaintiff contended that the arbitration filed by defendant should be stayed pending resolution of the above-captioned action. In support, plaintiff argued that its claims, and by extension defendant's arbitration claims, are not subject to arbitration because they arise out of the MCA and the Member Sale Agreement, both of which do not contain arbitration provisions. Such claims are also not subject to arbitration pursuant to the Operating Agreement, plaintiff asserted, because the claims do not arise under such agreement and do not fall within the narrow scope of the Operating Agreement's arbitration provision. Plaintiff argued that the court should determine the question of arbitrability because the Operating Agreement's arbitration provision does not limit the court's authority to decide arbitrability or delegate such power to the arbitration panel. Doc. 6 at 5.

In its motion to compel arbitration, defendant principally argued that the parties agreed to delegate arbitrability to an arbitrator, and that the arbitrator, not the court, should determine whether the parties' dispute fell within the scope of the Operating Agreement's arbitration provision. Such arbitration provision, defendant claimed, clearly and unmistakably showed

5

that the parties agreed to delegate arbitrability by expressly stating that arbitration would take place in accordance with the Commercial Arbitration Rules of The American Health Lawyers Association. Regardless of the outcome of the arbitrability issue, defendant argued that all claims pertinent to this action are arbitrable because they are all "factually intertwined" and thus fall within the scope of the Operating Agreement's arbitration provision. Doc. 16 at 6-10.

IV.

Analysis

A.  Relevant Legal Principles Governing Arbitration

The law presumes that courts have plenary authority to determine questions of arbitrability. Hous. Ref., L.P. v. United Steel, Paper and Forestry, Rubber, Mfg., 765 F.3d 396, 408 (5th Cir. 2014). However, if the parties agree, they may delegate such authority to an arbitrator. Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). The party asserting an agreement to delegate the arbitrability issue to the arbitrator must demonstrate "clearly and unmistakably" that the parties so agreed. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); Hous. Ref., L.P., 765 F.3d at 408 (citing ConocoPhillips, Inc. v. Local 13-0555 United Steelworkers Int'l Union, 741 F.3d 627, 630 (5th Cir. 2014)). Otherwise, the court

6

should decide the issue independently, First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995), determining (1) whether the parties agreed to arbitrate the dispute in question and (2) whether any federal statute or policy renders the claims nonarbitrable, Wash. Mut. Fin. Grp., LLC v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004).

"[A]n arbitration agreement need not recite verbatim that the 'parties agree to arbitrate arbitrability' in order to manifest 'clear and unmistakable' agreement." Hous. Ref., L.P., 765 F.3d at 410 n.28. Where, for example, the parties have agreed to conduct arbitration according to arbitration rules that delegate the determination of arbitrability to an arbitrator, such agreement serves as clear and unmistakable evidence that the parties agreed to delegate arbitrability. See, e.g., Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp., 748 F.3d 249, 262-63 (5th Cir. 2014) (agreeing to conduct arbitration according to the American Arbitration Association Rules); Petrofac, Inc. v. DynMcDermott Petroleum Operations Co., 687 F.3d 671, 674-75 (5th Cir. 2012) (same); see Cooper v. WestEnd Capital Mgmt., L.L.C., 832 F.3d 534 (5th Cir. 2016) (JAMS Rules).

B. The Parties Clearly and Unmistakably Agreed to Delegate Arbitrability to an Arbitrator

Section 12.12 of the Operating Agreement states that arbitration will take place "in accordance with the Commercial

7

Arbitration Rules of The American Health Lawyers Association."
Doc. 7 at 58. Section 5.2(a) of the Commercial Arbitration Rules[3]
states: "ARBITRABILITY. Once appointed, the arbitrator may issue
a preliminary award that addresses whether the arbitration clause
is valid, and whether it applies to the claims or counterclaims
raised by the parties."

The parties' agreement to arbitrate disputes according to
the Commercial Arbitration Rules shows clearly and unmistakably
that they agreed to delegate arbitrability to arbitrators.
Plaintiff and defendant are the only members of Naranjito and the
only signatories to the Operating Agreement. The parties agreed
to submit all unresolved disputes arising "between two or more
Members under [the Operating] Agreement" to "conclusive and
binding arbitration . . . ," Doc. 7 at 58, and agreed to conduct
such arbitration according to the Commercial Arbitration Rules,
which provide that arbitrators may issue a preliminary award as
to arbitrability. Thus, defendant is entitled to have the claims
in dispute between the parties submitted to the arbitrators to
decide whether such claims fall within the scope of the Operating
Agreement's arbitration provision and then to resolve those
claims by arbitration if the decision is that they are.

---

[3] The American Health Lawyers Association's arbitration rules are titled "Rules of Procedure for Arbitration"; however, it appears undisputed that such rules are the "Commercial Arbitration Rules" referred to in the Operating Agreement.

8

Section 5.2(a) of the Commercial Arbitration Rules permits, but does not compel, the arbitrator to issue a preliminary award as to arbitrability. The court notes that the record does not contain any information that would indicate whether defendant has requested the arbitrator to issue such a preliminary award. Thus, defendant should be given an opportunity to submit the arbitrability issue to the arbitrator for decision, and the arbitrators should be given the opportunity to decide the issue of arbitrability.[4]

The Federal Arbitration Act provides that, where a court is satisfied that the issues involved in a case are referable to arbitration under an arbitration agreement, the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. For that reason, the court is ordering the above-captioned action stayed until the arbitrator decides whether to issue a preliminary award as to arbitrability.

---

[4] The record shows that defendant filed its Second Amended Demand for Arbitration and Statement of Claim with the American Health Lawyers Association requesting arbitration of specific claims defined in the document and any other related claims identified through discovery. Doc. 17, Appx. 0005-0008. However, the record does not show that defendant has requested or demanded that the arbitrators decide the issue of arbitrability.

V.

Order

Therefore,

The court ORDERS that plaintiff's motion to stay arbitration be, and is hereby, denied.

The court further ORDERS that defendant's motion to compel arbitration be, and is hereby, granted subject to resolution of the issue of arbitrability.

The court further ORDERS that by 4:00 p.m. on May 19, 2017, defendant submit in accordance with the Commercial Arbitration Rules the issue of arbitrability for resolution by the arbitrators as promptly as possible.

The court further ORDERS that defendant inform the court promptly once the arbitrators have resolved the issue of arbitrability, and that if it has not been resolved by 4:00 p.m. on June 8, 2017, defendant inform the court by that time and date as to the progress of the resolution of the arbitrability issue.

SIGNED May 9, 2017.

_____
JOHN McBRYDE
United States District Judge